IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2009 MAR 26   A 9:56

P. HACKETT, CL
U.S. DISTRICT COURT
  E DISTRICT AL

| | |
|---|---|
| SANDRA JACOBS ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. 2:09CV253 |
| ) | |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

NOW COMES PLAINTIFF SANDRA JACOBS ("Plaintiff") complaining against DEFENDANT, NCO FINANCIAL SYSTEMS, INC.. ("Defendant") and averring as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA");

   (2) Invasion of Privacy by Intrusion upon Seclusion.

## II. JURISDICTION

2.  The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Alabama State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3.  Plaintiff, SANDRA JACOBS ("Plaintiff"), is a natural person residing in Crenshaw County, Alabama.

4.  Defendant, NCO Financial Systems, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

a. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including but not limited to berating Plaintiff about a closed Capital One Account not related to the alleged debt at issue and asking Plaintiff (when it was clear she wasn't driving do you have your seat belt on (§ 1692(d));

c. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including the purported supervisor Mark threatening to get his lawyer (§ 1692e(5)); and,

d. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including repetitively re-depositing a NSF check so that Plaintiffs account would incur overdraft fees and so Defendant would incur additional moneys owed by Plaintiff. (§ 1692(f)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT III: COMMON LAW INVASION OF PRIVACY (BY INTRUSION and BY PUBLIC DISCLOSURE OF PRIVATE FACTS)

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's privacy, i.e., an "unreasonable intrusion" into Plaintiff's private concerns which would be offensive or objectionable to a reasonable person,

as well as by the public disclosure of embarrassing facts about Plaintiff, i.e., Defendant publicly disclosed private facts to Plaintiff's employer, facts which were private, secluded or secret (not public), and facts which the disclosure of is offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k and the Common Law of Alabama;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Punitive Damages pursuant the Common Law of Alabama;
E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Alabama; and,
F. For such other and further relief as may be just and proper.

This ___ day of March, 2009.

ATTORNEYS FOR PLAINTFF
SANDRA JACOBS

Respectfully submitted,

_____
Brett Bloomston

Kurz and Fortas, LLC
1932 N. Druid Hills Rd.
Suite 200
Atlanta GA 30319
404 856 3888 (Telephone)
866 971 7209 (Facsimile)
bbloomston@kurzandfortas.com